## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEANTHONY T. WINSTON, | : | Civil No. 3:22-cv-1081 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| WARDEN E. BRADLEY, | : | |
| | : | |
| Respondent | : | |

**FILED**
**SCRANTON**

AUG 2 2 2022

PER _____
DEPUTY CLERK

## MEMORANDUM

Petitioner LeAnthony T. Winston ("Winston") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction and sentence entered in the United States District Court for the Eastern District of Virginia. (Doc. 1). For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

## I.    Factual Background & Procedural History

Following a jury trial in the United States District Court for the Eastern District of Virginia, Winston was found guilty of conspiracy to engage in sex trafficking by force, fraud, and coercion; sex trafficking by force, fraud and coercion; felon in possession of a firearm; obstruction of a sex trafficking investigation; conspiracy to distribute and possess with intent to distribute, methamphetamine, marijuana, cocaine, and cocaine base; distribution of cocaine base; and possession with intent to distribute cocaine base. *United States v. Winston*, No. 2:20-cr-00108-001 (E.D. Va.), Doc. 205. On March 9, 2022, he was sentenced to an aggregate 460-month term of imprisonment. *Id.*, Doc. 278. Winston filed a

timely notice of appeal with the Fourth Circuit Court of Appeals on March 15, 2022. *Id.*, Doc. 286. The appeal remains pending in the Fourth Circuit Court of Appeals. *United States v. Winston*, No. 22-4164 (4th Cir.).

On or about July 11, 2022, Winston filed the instant § 2241 petition wherein he collaterally attacks his conviction. (Doc. 1). Winston asserts a double jeopardy violation claiming he was prosecuted in both state and federal courts; he claims that the court did not require the government to prove his victim was under eighteen (18) years of age; there was no evidence that his crime occurred within the United States or involved interstate commerce; and his conviction is invalid because 18 U.S.C. § 1591 is unconstitutionally vague. (*Id.*). For relief, Winston requests that this Court vacate his conviction and release him from custody. (*Id.*).

## II.  Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(e). The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for

habeas corpus unless the court finds that a § 2255 motion is "inadequate or ineffective."

*Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997); 28

U.S.C. § 2255(e)). A § 2255 motion is "inadequate or ineffective," which permits a petitioner

to pursue a § 2241 petition, "only where the petitioner demonstrates that some limitation of

scope or procedure would prevent a § 2255 proceeding from affording him a full hearing

and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d

536, 538 (3d Cir. 2002) (*per curiam*). Significantly, § 2255 "is not inadequate or ineffective

merely because the sentencing court does not grant relief, the one-year statute of limitations

has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . .

. § 2255." *Id.* at 539. "It is the inefficacy of the [§ 2255] remedy, not the personal inability to

utilize it, that is determinative." *Id.* at 538. In *Dorsainvil*, the Third Circuit held that the

remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a

prisoner who previously filed a § 2255 motion on other grounds "had no earlier opportunity

to challenge his conviction for a crime that an intervening change in substantive law may

negate." 119 F.3d at 251.

Winston's present claims fall within the purview of § 2255 because they challenge

the validity of his sentence. His claims do not fall within the *Dorsainvil* exception because

he is currently pursuing a direct appeal with the Fourth Circuit Court of Appeals. Following

that effort, if unsuccessful, Winston will have an opportunity to seek judicial review of the

legality of his conviction by filing a § 2255 motion with his sentencing court. Winston still

3

has a future right to file his first § 2255 motion, thus he does not meet the Savings Clause of § 2255(e).[1]  In sum, because Winston's "direct appeal remains pending, and he has not yet pursued § 2255 relief in the sentencing court," he cannot show he "had *no earlier opportunity to challenge his conviction*."  *Descamps v. Warden Lewisburg USP*, 617 F. App'x 110, 112 (3d Cir. 2015) (emphasis in original).  Consequently, "he has not demonstrated that he must resort to a § 2241 petition."  *Id.*  For these reasons, the Court lacks jurisdiction to hear any of Winston's claims.

## III.   Conclusion

The Court will dismiss the petition for writ of habeas corpus for lack of jurisdiction.   A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: August 22, 2022

---

[1]   Winston prematurely filed two § 2255 motions in the sentencing court, which were dismissed without prejudice to Winston's right to file a § 2255 motion at the appropriate time.  *United States v. Winston*, No. 2:20-cr-00108-001 (E.D. Va.), Docs. 244, 253.